IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02543-WDM-CBS

MDM GROUP ASSOCIATES, INC., a Delaware corporation,

    Plaintiff,

v.

MIDGETT REALTY, INC., a North Carolina corporation,

    Defendant.

## ORDER ON MOTION TO TRANSFER

Miller, J.

This matter is before the court on the Motion for Change of Venue (doc no 11), filed by Defendant Midgett Realty, Inc. Defendant seeks to transfer this case pursuant to Fed. R. Civ. P. 12(b)(3) to the Eastern District of North Carolina, where a related case is pending. Plaintiff opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the Motion for Change of Venue will be denied.

### Background

Plaintiff is the holder of a copyright on the text of a brochure, part of a "security deposit waiver" program developed by Plaintiff for the vacation rental property industry. Complaint ¶¶ 7-10. Plaintiff alleges that Defendant has used Plaintiff's brochure text to market a competing security deposit waiver program. Complaint ¶ 15. Plaintiff filed a

Complaint and Jury demand in this Court (Case No. 07-cv-01367-WYD-MEH) in June 2007 against Defendant and twenty two other North Carolina corporations (the "First Suit"). Upon a motion of the parties, Judge Wiley Y. Daniel transferred the First Suit to the Eastern District of North Carolina pursuant to 28 U.S.C. § 1404(a), which gives the district court discretion to transfer a civil action to any other district or division where it could have originally been filed. Among the reasons identified by Judge Daniel justifying the transfer were the following: the Defendants were all North Carolina residents, no Defendant had yet appeared or responded to the Complaint, counsel for the parties were cooperating and agreed to the transfer, and Plaintiff had agreed to voluntarily transfer the action for the convenience of the parties and witnesses. Order Granting Motion to Change Venue (Case No. 07-cv-01367-WYD-MEH, doc no 14) at 3.

After the First Suit was transferred, however, Plaintiff voluntarily dismissed Defendant from the action without prejudice because the parties discovered a conflict of interest (Defendant had hired an attorney as an expert witness who was also Plaintiff's local counsel). Thereafter, Plaintiff filed its complaint in this case, naming only this Defendant, but otherwise asserting the same allegations and claims as those in the First Suit. Defendant now seeks to transfer the case to the Eastern District of North Carolina.

## Discussion

Defendant seeks to transfer the case pursuant to Fed. R. Civ. P. 12(b)(3), which concerns improper venue. Defendant has not demonstrated that venue is improper here. Accordingly, Defendant's request is more properly analyzed under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest

2

of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The party moving to transfer a case pursuant to section 1404(a) bears the burden of establishing that the existing forum is inconvenient.  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted).  Motions to transfer pursuant to this provision should be determined according to an "individualized, case-by-case consideration of convenience and fairness."  *Id.* at 1516 (citations omitted).  Among the factors a district court should consider are the following:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)).  An action may be transferred under section 1404(a) at any time.  *Id.*

Although a plaintiff's choice of forum is given deference, where that forum is not the plaintiff's residence, it is given less weight.  *Ervin & Assoc., Inc. v. Cisneros*, 939 F. Supp. 793, 799 (D. Colo. 1996).  Nonetheless, "unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed."  *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

Defendant first argues that the case should be transferred because Plaintiff "is

3

attempting to circumvent this Court's Order transferring venue to the Eastern District of North Carolina." Motion for Change of Venue at 3. This argument is unavailing. Plaintiff's voluntary agreement to transfer the previous case is not binding on it in this separate and distinct case. Accordingly, there is nothing to "circumvent." Plaintiff has provided adequate explanation for why it consented to transfer the First Suit, including that there were possible jurisdictional issues with some defendants and transfer would facilitate early settlement. Response to Defendant's Motion for Change of Venue (doc no 15) at 1-2. None of those concerns are present here, as Plaintiff has evidence that Defendant does business in Colorado and settlement efforts between these parties have been unsuccessful. *Id.* at 2. Moreover, according to Plaintiff, Defendant initially objected to transferring the First Case (contrary to its position here) but decided not to formally oppose the transfer. *Id.* at 2-3.

Defendant also seeks transfer because it is a North Carolina corporation, no party would be prejudiced, and transfer would prevent unnecessary expense and inconvenience, given that Plaintiff is already litigating a related case in North Carolina. In response, Plaintiff contends that its choice of forum should be given weight, that the North Carolina court is more congested (although no evidence of this is presented), and that its claims are asserted under the laws of the State of Colorado. Plaintiff further notes that there are equal numbers of witnesses in Colorado and North Carolina and that Plaintiff plans to add other defendants residing outside of both Colorado and North Carolina.

Applying the factors identified in *Chrysler Credit Corp.*, I conclude that the concerns identified by Defendant do not satisfy its burden to demonstrate that the case should be

4

transferred.  Plaintiff has its principal place of business in Colorado and selected this forum.  In addition, it does not appear that a greater number of witnesses and parties will be inconvenienced by litigating in Colorado than if the case were transferred, particularly if other defendants, not residents of North Carolina, are added.  That Colorado law may apply also weighs in favor of keeping the case in this district.  Defendant has not shown that it will have difficulties securing the attendance of witnesses or that otherwise it will be unable to obtain and present evidence here.  Finally, the conflict of interest issue is less likely to arise if the case is resolved in Colorado, rather than in North Carolina.

Accordingly, it is ordered:

1. Defendant's Motion for Change of Venue (doc no 11) is denied.

DATED at Denver, Colorado, on April 3, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge