IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02543-WDM-CBS

MDM GROUP ASSOCIATES, INC., a Delaware corporation,

    Plaintiff,

v.

MIDGETT REALTY, INC., a North Carolina corporation,

    Defendant.

## ORDER ON MOTION TO RECONSIDER

Miller, J.

This matter is before the court on the Defendant's Motion for Reconsideration (doc no 17), requesting that I reconsider my Order (doc no 16) denying Defendant's Motion for Change of Venue (doc no 11). I denied the motion to transfer after applying the factors enumerated in *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991) and concluding that Defendant had failed to establish that Colorado was an inconvenient forum. One factor I noted was that in a previously filed lawsuit involving these same parties (the First Suit), the Defendant had initially objected to the plaintiff's efforts to transfer the case. Defendant has apparently filed this motion to clarify the grounds for its position in the First Suit and to make clear that other defendants also in the First Suit also initially opposed the transfer.

The Federal Rules of Civil Procedure do not provide for motions for reconsideration.

In general, the Tenth Circuit construes a motion to reconsider that is filed within ten days after an order or judgment as a motion to alter or amend pursuant to Rule 59(e); a motion to reconsider filed after ten days is treated as a motion for relief from judgment under Rule 60(b). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000). Defendant's motion was filed within the ten-day period after my order entered and so I construe the motion as one to alter or amend the order pursuant to Rule 59(e).

A motion to alter or amend a judgment or order pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id. See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Defendant's motion does not meet any of the requirements of Rule 59(e). I will note the clarification of Defendant's position on transfer in the First Suit, but do not understand

it to be material in this action.

Accordingly, it is ordered:

1. Defendant's Motion for Reconsideration (doc no 17) is denied.

DATED at Denver, Colorado, on April 9, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge