IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02543-WDM-CBS

MDM GROUP ASSOCIATES, INC., a Delaware corporation,

     Plaintiff,

v.

MIDGETT REALTY, INC, a North Carolina corporation,

     Defendant.

---

**RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT AND JURY DEMAND**

---

Magistrate Judge Craig B. Shaffer

     THIS MATTER comes before the court on Plaintiff MDM Group Associates, Inc.'s (hereinafter "MDM") Motion for Leave to File Amended Complaint and Jury Demand (doc. # 21), filed on May 7, 2008. The proposed Amended Complaint seeks to join, pursuant to Fed.R.Civ.P. 15(a) and 20(a), five additional defendants who allegedly obtained and copied the same copyrighted brochure that is the subject of willful copyright infringement and deceptive trade practice claims against Defendant Midgett Realty, Inc (hereinafter "Midgett"). Defendant Midgett filed its Opposition (doc. # 29) on May 19, 2008. Plaintiff filed a Reply in Support of Motion (doc. # 36) on June 2, 2008.

     With a Memorandum, dated May 7, 2008, the pending motion was referred to this Magistrate Judge. Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to conduct hearings and submit proposed findings of fact and recommendations with respect to any dispositive motion. While Plaintiff's Motion for Leave to File Amended

Complaint does not purport to seek dispositive relief, the formal label of a motion is not determinative for purposes of § 636(b)(1)(A) and (B).  The Tenth Circuit has held that "[m]otions not designated on their face as one of those excepted in [§ 636(b)(1)(A)] are nevertheless to be treated as such when they have an identical effect." *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000), citing *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988).  An order denying a motion to amend may be dispositive if the order effectively removes a claim from the action.  *See McFadden v. Pioneer Natural Resources USA, Inc*., 2006 WL 3059967 (D. Colo. 2006) (Miller, J.), citing *Pedro v. Armour Swift-Eckrich*, 118 F. Supp.2d 1155, 1157 (D. Kan. 2000).  After carefully considering the parties' briefs, the applicable case law and the arguments of counsel during the hearing on June 18, 2008, the court recommends that Plaintiff's motion be denied for the following reasons.

Plaintiff's original Complaint, filed on December 7, 2007, alleges that Midgett Realty, Inc. willfully infringed on a copyrighted brochure describing the "Peace of Mind Security Deposit Waiver Program," an original product developed by MDM Group Associates.  The Complaint avers that Midgett Realty, Inc., a North Carolina corporation, "operates a network of vacation rental properties at resort locations in North Carolina, and leases these sites to residents of numerous states, including Colorado."  *See* Complaint, at ¶ 6.  Plaintiff contends that "[o]n January 26, 2005, MDM discovered that, without permission, Midgett had copied the MDM Brochure and was using it to market a security deposit waiver program similar to MDM's."  *Id.*, at ¶ 15.  The Complaint asserts claims for willful copyright infringement and deceptive trade practices.  Defendant Midgett filed an Answer on April 17, 2008.

This court held a Fed.R.Civ.P. 16 scheduling conference on March 17, 2008.  At that

time, the court set a deadline of May 9, 2008 for joinder of parties and amendment of pleadings. Plaintiff filed the instant Motion for Leave to File Amended Complaint and Jury Demand on May 7, 2008. The proposed Amended Complaint re-asserts the two claims against Midgett Realty, Inc., but also purports to bring those same claims against five additional individuals or business entities. The putative defendants are alleged to have their principal offices in Davenport, Florida (Defendant Roger Colby); Sunriver, Oregon (Defendant S& S Pence Investments, LLC); Virginia Beach, Virginia (Defendant Sandbridge Properties, Inc.); Friday Harbor, Washington (Defendant San Juan Vacation Ventures, Inc.); and Surf City, North Carolina (Defendant Century 21 Action, Inc.).

Defendant Midgett has opposed the Motion for Leave to File Amended Complaint and Jury Demand, arguing that Plaintiff has failed to comply with the requirements for permissive joinder under Fed.R.Civ.P. 20. More specifically, Defendant contends that MDM's proposed Amended Complaint does not allege any claims that would impose joint or several liability against the defendants or that arise out of the same transaction, occurrence, or series of transactions or occurrences.

Plaintiff's Reply suggests that permissive joinder is appropriate because "there are common issues of law and fact presented in MDM's claims against the various defendants." *See* Plaintiff's Reply in Support of Motion, at ¶ 2. MDM suggests that its claims against the defendants are limited to the same brochure, but concedes that each defendant acted independently in obtaining and copying that brochure. *Id.* at ¶ 6. In the absence of joinder, Plaintiff contends that it will be required to bring separate proceedings that will result in unnecessary costs, delays and inconvenience to MDM.

# ANALYSIS

This court has broad powers to grant leave to amend pleadings when justice requires. Fed.R.Civ.P. 15(a). The decision whether to grant or deny a motion to amend is reserved for the court's discretion. *Bauchman v. West Hight School*, 132 F.3d 542, 559 (10th Cir. 1997), *cert. denied,* 524 U.S. 953 (1998). The court acknowledges the well-settled rule that motions to amend should be freely granted when justice requires. *See, e.g., Bellairs v. Coors Brewing Co.*, 907 F. Supp. 1448, 1459 (D. Colo. 1995), *aff'd*, 107 F.3d 880 (10th Cir. 1997). However, a motion to amend may be denied because of "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Foman v. Davis,* 371 U.S. 178, 182 (1962). While Fed.R.Civ.P. 15(a) requires that leave to amend be freely given, that requirement does not apply where an amendment obviously would be futile. *TV Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir.), *cert. denied*, 506 U.S. 999 (1992); *Arkansas-Platte & Gulf Partnership v. Dow Chemical Co.*, 886 F. Supp. 762 (D. Colo. 1995).

Plaintiff's Motion for Leave and proposed Amended Complaint implicates not only Rule 15(a), but also Rule 20(a) which permits joinder of defendants in a single action if

> any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all defendants will arise in the action.

*See* Fed.R.Civ.P. 20(a)(2). The criteria outlined in Rule 20(a) must be applied in the conjunctive. Thus, "[t]he existence of a common question of law or fact, alone is not sufficient to demonstrate that a party has been properly joined in accordance with Rule 20(a)." *United States v. Katz*, 494 F. Supp.2d 645, 648 (S.D. Ohio 2006) (in an action to recover costs

associated with remediation activities at a single Superfund site, denied the government's motion to permissively join defendants whose alleged fraudulent conveyances were separate and distinct from the alleged fraudulent conveyances of other named defendants). *Cf. LaFace Records, LLC v. Does 1-38*, 2008 WL 544992, *2 (E.D. N.C. 2008) (in an action alleging copyright violations, held that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder").

Rule 20(a) also requires that the joined defendants be jointly or severally liable, or that the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences." Here, MDM does not assert any claim that would support joint or several liability among the putative defendants. More importantly, the proposed Amended Complaint does not allege losses that arise out of a single transaction or occurrence. That shortcoming is significant for purposes of the court's analysis.

> [I]f the transactional test could be satisfied by merely alleging that the plaintiffs suffered the same harm from alleged violations of their copyrights, "a copyright plaintiff could join as defendants any otherwise unrelated parties who independently copy material owned by the plaintiff. Moreover, under this logic, there would be virtually no limit to the number of parties that could be joined, which would effectively nullify the transactional requirement.

*Fonovisa v. Does 1-9*, 2008 WL 919701, *5 (W.D. Pa. 2008), quoting *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232 (M.D. Tenn. 2001). *Cf. Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp.2d 122, 128 (S.D.N.Y. 2003) (denied plaintiff's motion to join additional defendants in a case alleging patent infringement after finding that "the only connection between the two sets of defendants is that they may have infringed the same patents owned by Pergo").[1] Plaintiff's

---

[1]Under circumstances not dissimilar to the copyright claims MDM wishes to assert in this case, the court cautioned that "the fact that two parties may manufacture or sell similar products,

ability to assert claims arising from a related transaction or occurrence is not at all clear given

the fact that many of the proposed allegations are pled on the basis of "information and belief."

*See* Proposed Amended Complaint, at ¶¶ 24, 33, 42, 52, 61, and 70. Quite simply, Plaintiff's

proposed Amended Complaint fails to satisfy the explicit requirements of Rule 20(a). *See also*

*Alvarez v. Armour Pharmaceutical*, 1997 WL 566373, *2 (N.D. Ill. 1997) (suggesting that a

proposed amendment that violates the joinder requirements of Rule 20(a) should be denied as

futile).

During the hearing on June 18, Plaintiff's counsel argued that this court should overlook

the technical shortcomings in his client's motion in favor of the policy considerations underlying

Rule 20. It may well be that "the trend under the federal rules 'is toward entertaining the

broadest possible scope of action consistent with fairness to the parties.'" *Fonovisa, Inv. v. Does

1-9*, 2008 WL 919701, *4 (W.D. Pa. 2008), citing *United Mine Workers of America v. Gibbs*,

383 U.S. 715, 724 (1966).

However, there are other "policy" considerations that seem equally relevant in deciding

whether to exercise the court's discretion under Rule 20.

> Although the specific requirements of Rule 20, . . . , may be satisfied, a trial court
> must also examine the other relevant factors in a case in order to determine
> whether the permissive joinder of a party will comport with the principles of
> fundamental fairness. For example, when making a decision whether to allow the
> permissive joinder of a party, a court should consider such factors as the possible
> prejudice that may result to any of the parties in the litigation, the delay of the
> moving party in seeking an amendment to his pleadings, the motive that the
> moving party has in seeking such amendment, the closeness of the relationship
> between the new and the old parties, the effect of an amendment on the court's

---

and that these sales or production may have infringed the identical patent owned by the plaintiffs
is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule
20(a)." *Pergo, Inc. v. Alloc, Inc.*, 262 F. Supp.2d at 128.

jurisdiction, and the new party's notice of the pending action.

*Desert Empire Bank v. Insurance Co. of North America*, 623 F.2d 1371, 1375 (9th Cir. 1980).

Plaintiff correctly notes that there is one factual similarity between the claims against Midgett Realty and the putative defendants. MDM would seek to prove that each defendant infringed upon the same copyrighted brochure. However, some putative defendants allegedly infringed upon that copyright after requesting information regarding Plaintiff's Peace of Mind Security Deposit Waiver Program (*e.g.,* Midgett Realty, Sandbridge Properties, Inc., and Century 21 Action), while other defendants apparently never participated in that program nor sought information from MDM (*e.g.,* Roger Colby, S&S Pence Investments, LLC, and San Juan Vacation Ventures, Inc.). From the allegations in the proposed Amended Complaint, it is not clear during what time period each putative defendant engaged in the allegedly infringing activities.[2] Finally, the proposed Amended Complaint seeks particularized damages based upon "each defendant's infringement of the MDM copyright and other wrongful acts" and each defendant's "profits arising from the infringement of MDM's copyright and other wrongful acts." If the court credits Plaintiff's allegations, the only issue of law or fact common to all the putative defendants would be the copyright status of MDM's brochure. Certainly, individualized discovery directed to each defendant would predominate.

Under the circumstances, I think the potential for prejudice to Midgett and the putative

---

[2]For example, the proposed Amended Complaint alleges that Century 21 Action participated in MDM's Program from December 2004 until January 2008. Presumably, any infringement on the part of Century 21 Action occurred after it ceased participating in MDM's Program. In contrast, the proposed Amended Complaint avers that Roger Colby's business, Green Orange Villas, never participated in the MDM Program, but was infringing the copyright at least as early as January 2005.

defendants is significant. The proposed defendants hale from North Carolina, Oregon, Florida, Virginia, and Washington. Each defendant allegedly "distributed" copies of MDM's copyrighted material to Colorado residents. The proposed Amended Complaint does not allege the manner or frequency with which these materials were "distributed" to Colorado residents, however the proposed Amended Complaint alleges that each defendant "advertises over the internet and solicits and sells to customers residing in Colorado." *See Oxion, Inc. v. 03 Zone Co.*, 2007 WL 2155675, *5 (D. Kan. 2007) (noting that "many courts have observed that the 'nature and quality of commercial activity that an entity conducts over the internet' may determine whether jurisdiction can be exercised over that entity"). Given each defendant's non-resident status and the brevity of Plaintiff's jurisdictional allegations, this court cannot discount the possibility of one or more motions to dismiss under Fed.R.Civ.P. 12 (b)(2) and a resulting request for jurisdictional discovery. *See Gleason Works v. Klingelnberg-Oerlikon Geartec Vertriebs-GmbH*, 58 F. Supp.2d 47, 50 (W.D.N.Y. 1999) (in exercising its considerable discretion, a court may decide a Rule 12(b)(2) motion on the basis of affidavits alone, or it may permit discovery in aid of the motion, or it may conduct an evidentiary hearing on the merits of the motion). Any resulting delay in discovery directed to the merits of Plaintiff's claims would prejudice Defendant Midgett, which has not raised the issue of personal jurisdiction. I have no reason to believe that MDM's desire to achieve cost savings through joinder of defendants is any greater than Midgett Reality's wish to defend its position in the most expeditious and cost-effective manner possible.

The court also has reason to question the timing of Plaintiff's proffered Amended Complaint. The original Complaint in this case was filed on December 7, 2007. However, the

proposed Amended Complaint alleges that in January 2005, MDM was aware of alleged copyright violations by several of the putative defendants. Plaintiff further contends that it contacted each putative defendant and demanded that it cease using copies of the MDM brochure. Although the proposed Amended Complaint does not allege when these cease-and-desist demands were conveyed, it seems reasonable to assume they were roughly contemporaneous with the discovery of violations in January 2005. It is not at all clear why those putative defendants were not named in the original Complaint.

Finally, the court cannot ignore the potential impact of Fed.R.Civ.P. 21(a), which provides that "[m]isjoinder of parties is not a ground for dismissing an action." If the court were to accept the proposed Amended Complaint, the newly joined defendants could not challenge or successfully reverse that ruling. Plaintiff suggests that any resulting hardship to each defendant could be ameliorated by ordering separate trials pursuant to Fed.R.Civ.P. 42(b). MDM's proposed remedy would likely negate the cost savings that Plaintiff presumably wishes to achieve through joinder. *Cf. Truesdale v. Ashcroft*, 2006 WL 4071948, *3 (D.S.C.) ("[i]n deciding whether to allow the joinder of the new defendants under Rule 21, this court must consider 'basic principles such as fundamental fairness and judicial economy"), *aff'd*, 203 Fed. Appx. 533 (4th Cir. 2006).

ACCORDINGLY, for the reasons stated on the record during the June 18th hearing and reiterated in this Recommendation, I conclude that Plaintiff MDM Group Associates, Inc.'s Motion for Leave to File Amended Complaint should be denied and so recommend.

**Advisement to the Parties**

Within ten days after service of a copy of this Recommendation, any party may serve and

file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1). Objections to a magistrate judge's recommendation must be made within ten days of service of the Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made. 28 U.S.C. § 636(b)(1). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review by the district court. *See In re Griego*, 64 F.3d at 583; *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir.), *cert. denied,* 519 U.S. 909 (1996). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d at 1060. Failure to make timely objections to the magistrate judge's proposed findings and recommendations will bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *In re Key Energy Resources, Inc.*, 230 F.3d 1197, 1199-1201 (10th Cir. 2000); *Theede v. United States Department of Labor*, 172 F.3d 1262, 1267-68 (10th Cir. 1999); *One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d at 1059-60.

DATED this 23rd day of June, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge