IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02543-WDM-CBS

MDM GROUP ASSOCIATES, INC.,
a Delaware corporation,

      Plaintiff,

v.

MIDGETT BROS., INC.,
a North Carolina corporation d/b/a Midgett Realty,

      Defendant.

## STIPULATED PROTECTIVE ORDER

This matter came before the court on the Parties' Stipulated Motion for Entry of Protective Order. After reviewing the motion and the Court's file, the Court hereby ORDERS:

(1) This Protective Order shall apply to information that is confidential and implicates common law or statutory privacy and/or confidentiality or trade secret interests, specifically: (i) financial information; or (ii) trade secret or other confidential research, development or commercial information, which if disclosed outside of this litigation would cause substantial economic harm to the competitive position of the producing party and which has not otherwise been disclosed. All such information is referred to as "CONFIDENTIAL DISCLOSURES."

(2) All CONFIDENTIAL DISCLOSURES must bear a legend reading "CONFIDENTIAL" on each page of the document or material so designated. If CONFIDENTIAL DISCLOSURES are produced in an electronic medium, such as on a CD-ROM for

example, the producing party may rely on a "CONFIDENTIAL" legend affixed to the particular medium rather than on each individual page of the document or material.

(3) Before any information is designated as CONFIDENTIAL DISCLOSURES, counsel of record for the disclosing party must first review the information and make a determination, in good faith, that the documents and/or information are confidential within the meaning set forth above. Documents and/or information which do not meet the definition set forth above may not be designated as CONFIDENTIAL DISCLOSURES.

(4) CONFIDENTIAL DISCLOSURES may be used only for the purposes of this litigation and any appeals therefrom. CONFIDENTIAL DISCLOSURES shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for in this Protective Order. No person shall make available, disclose or summarize CONFIDENTIAL DISCLOSURES to any persons, including the parties, other than as provided by this Order.

(5) CONFIDENTIAL DISCLOSURES may be disclosed to:

    a. Attorneys working on this case;

    b. Persons regularly employed or associated with the attorneys working on this case whose assistance is required by said attorneys in the preparation for trial or other proceedings in this case;

    c. The Parties and their designated representatives;

    d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation for trial or other proceedings in this case;

e. The Court and its employees;

f. Stenographic reporters who are engaged in proceedings necessarily incident to this action;

g. Deponents, potential deponents or potential witnesses, to the extent such person already had knowledge of the information contained in the CONFIDENTIAL DISCLOSURES; and

h. Other persons by written agreement of the Parties.

(6) Nothing in this Order shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act or omission of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party.

(7) Inadvertent or unintentional disclosure of CONFIDENTIAL DISCLOSURES not designated "CONFIDENTIAL" shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

(8) A Party may object to the designation of particular CONFIDENTIAL DISCLOSURES by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL

DISCLOSURES to file an appropriate motion, within thirty (30) days after the time notice is received, requesting that the Court determine whether the disputed information shall be treated as CONFIDENTIAL DISCLOSURES. Under the terms of this Protective Order, the information should be treated as CONFIDENTIAL DISCLOSURES until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL DISCLOSURES. In connection with any motion filed under this provision, the party designating the information as CONFIDENTIAL DISCLOSURES shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL DISCLOSURES.

(9) Any person in possession of CONFIDENTIAL DISCLOSURES shall exercise reasonably appropriate care with regard to the storage, custody or use of such CONFIDENTIAL DISCLOSURES in order to ensure that the confidential nature of the same is maintained.

(10) If any material subject to this Order is disclosed to anyone other than in a manner authorized by this Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the producing party and make every reasonable effort to retrieve such CONFIDENTIAL DISCLOSURES and to prevent further disclosure.

(11) At the conclusion of this case, unless other arrangements are agreed on, each document and all copies thereof which have been properly designated as CONFIDENTIAL DISCLOSURES in accordance with this Protective Order, shall be returned to the party

making the designation or shall be destroyed. Counsel for each party may retain one copy of the CONFIDENTIAL DISCLOSURES for the sole purpose of maintaining a complete file, and all such retained documents shall not be released, disclosed, or used in any way, except upon permission by the Court after written notice to counsel for the party that produced the documents. The provisions of this Protective Order shall survive the conclusion of this litigation.

(12)	This Protective Order shall in no way alter, modify or supersede D.C.COLO.LCivR 7.2A, which states that a judicial officer may order papers or documents filed under seal only "upon motion and a showing of compelling reasons," or the procedures for sealing filings or courtroom closures under D.C.COLO.LCivR 7.2 and 7.3. Any request that CONFIDENTIAL DISCLOSURES be filed under seal must be made by proper motion. Unless filed under seal, all documents filed with the Court, whether or not they have been designated as CONFIDENTIAL DISCLOSURES shall become part of the judicial record, which generally is open to public inspection.

(13)	This Protective Order will have no effect on the procedures for offering evidence at trial or other proceedings in open court when such evidence previously has been designated CONFIDENTIAL DISCLOSURES. Rather, the provisions of D.C.COLO.LCivR 7.2 control any request to close the courtroom for the purpose of offering CONFIDENTIAL DISCLOSURES.

(14)	This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 10th day of September, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge